IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.   **CRIMINAL NO. 2:15-CR-8-KS-MTP**

**DARRYL A. JACKSON**

### ORDER

On May 7, 2015, Defendant plead guilty to conspiracy to possess 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846. On July 23, 2015, the Court sentenced him to 240 months of imprisonment followed by five years of supervised release. On April 20, 2020 – after serving approximately a quarter of his sentence – Defendant filed a Motion [66] seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. The Government opposes the motion.

Under 18 U.S.C. § 3582, the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

1

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

Defendant claims to have contracted COVID-19, but he is presently

2

asymptomatic and admits there is a high probability that his test yielded a false positive. He argues that the COVID-19 pandemic presents an "extraordinary and compelling" reason to reduce his term of imprisonment. He contends that the virus's transmission rate, the conditions of imprisonment that prevent him from avoiding exposure, and his status as a chronic smoker combine to create a serious risk to his health and safety. Defendant also argues that he is not a danger to the safety of any other person or the community, and that supervised release would be sufficient to mitigate any such risk.

First, the Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant's status as a smoker is not sufficient to meet the standard imposed by the Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL

3

3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *United States v. Whirl*, 2020 WL 3883656, at *3 (S.D. Miss. July 9, 2020). As this Court has stated, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Moreover, "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

The Court also finds that Defendant has not demonstrated that he would not be a danger to the safety of any other person or to the community if released. According to Defendant's presentence report [46], he traveled from California to Mississippi for the express purpose of distributing methamphetamine. Investigators found numerous text messages with a known narcotics distributor in California on a phone belonging to Defendant, and they found over 382 grams of methamphetamine in a vehicle belonging to his coconspirator. The scheme to ship methamphetamine

from California and distribute it in Mississippi was Defendant's idea. Defendant also has number of prior convictions in California, including burglary, three separate convictions for possession of a controlled substance, and receipt of stolen property. He committed the offense for which he is currently sentenced while on probation. In short, Defendant has not provided the Court with any reason to believe he would deviate from this pattern of criminal activity if released.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). As noted above, "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. For all the reasons provided above, the Court **denies** Defendant's Motion for Compassionate Release [66].

SO ORDERED AND ADJUDGED this 20th day of July, 2020.

                                              /s/    Keith Starrett
                                              KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE