IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                           **CRIMINAL NO. 2:15-CR-8-KS-MTP**

**DARRYL A. JACKSON**

## ORDER

On May 7, 2015, Defendant plead guilty to conspiracy to possess 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846. On July 23, 2015, the Court sentenced him to 240 months of imprisonment followed by five years of supervised release. On April 20, 2020 – after serving approximately a quarter of his sentence – Defendant filed a Motion [66] seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. The Court denied the motion in an Order [75] entered on July 20, 2020. Approximately twenty months later, Defendant filed a Motion for Reconsideration [79] and a Motion to Appoint Counsel [80], both of which are ripe.

A. *Motion for Retention and Appointment of Counsel [80]*

Defendant filed a motion [80] asking the Court to appoint counsel pursuant to 18 U.S.C. § 3006A to represent him in filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

First, the Court notes that Defendant already filed a Motion for Compassionate

1

Release on April 20, 2020. The Court appointed the Office of the Federal Public Defender to represent Defendant in briefing his motion. *See* Administrative General Order [67]. The Public Defender then filed a brief in support of Defendant's motion, supported by multiple exhibits. *See* Reply [74].

The Court has not entered a general order providing for appointment of counsel when an indigent defendant files a motion seeking reconsideration of the Court's judgment on a previous motion for compassionate release. Moreover, "a defendant does not have a statutory or constitutional right to appointed counsel" in matters this far removed from criminal proceedings. *See United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (citing *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995)); *see also United States v. Pernillo*, 2020 WL 109839, at *1 (S.D. Miss. Jan. 9, 2020). Therefore, the Court **denies** Defendant's Motion for Retention and Appointment of Counsel [80].

### B.   *Motion for Reconsideration [79]*

Next, Defendant argues that the Court erred by applying the policy statement under United States Sentencing Guideline 1B1.13. Defendant contends that the Fifth Circuit held that the policy statement only applies to motions filed by the Bureau of Prisons, rather than those filed by defendants. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021).

Defendant is correct that the Court of Appeals – approximately nine months after the Court's previous Order [75] – clarified that district courts addressing

2

prisoners' motions under § 3582 are not bound by the Sentencing Guidelines' policy statement or commentary. *Id.* at 393. Rather, the Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.* However, while "not dispositive, the commentary" to the Guidelines "informs our analysis as to what reasons may be sufficiently extraordinary and compelling to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

In summary, Section 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a) provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *Thompson*, 984 F.3d at 433. The Guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . ." *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).

If the Court had the benefit of the Fifth Circuit's subsequent decisions when it addressed Defendant's previous motion, it would have still denied the motion for substantially the same reasons previously provided. Defendant has not demonstrated that he would not be a danger to the safety of any other person or the community if

4

released. Granting Defendant's motion now, when he has served less than half of a twenty-year sentence, would not reflect the seriousness of the offense, promote respect for the law, provide a just punishment for the offense, or afford adequate deterrence to criminal conduct.

Defendant also raised arguments attacking the basis of the Court's sentence. These argument "are not cognizable on a § 3582 motion." *United States v. Woods*, 2020 WL 4318758, at *1 (S.D. Miss. July 27, 2020). Section "3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *Id.* (quoting *United States v. Handerhan*, 789 F. App'x 924, 926 (3rd Cir. 2019)). In short, § 3582(c) does not provide for release on the basis of matters "that were or could have been raised on direct appeal or in a § 2255 motion." *Id.* Regardless, Defendant waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to" a § 2255 motion. Plea Agreement [38], at 5.

For these reasons, the Court **denies** Defendant's Motion for Reconsideration [79] of its previous order denying compassionate release.

SO ORDERED AND ADJUDGED this 5th day of May, 2022.

                                            /s/    Keith Starrett
                                                    KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE